# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| JACKSON VELA, | |
|     Plaintiff, | |
| v. | Civil Action No. _____ |
| EQUIFAX INFORMATION SERVICES, LLC | |
|   Serve:  Corporation Service Company<br>            Bank of America Center, 16th Floor<br>            1111 East Main Street<br>            Richmond, VA 23219 | |
| TRANS UNION, LLC | |
|   Serve:  Corporation Service Company<br>            Bank of America Center, 16th Floor<br>            1111 East Main Street<br>            Richmond, VA 23219 | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | |
|   Serve:  David N. Anthony, Registered Agent<br>            Troutman Sanders LLP<br>            1001 Haxall Point<br>            Richmond, VA 23219 | |
| EXPERIAN RENTBUREAU | |
|   Serve:  Secretary of the Commonwealth<br>            Richmond, Virginia<br>            c/o Experian RentBureau<br>            PO Box 26<br>            Allen, TX 75103 | |
| FAIR COLLECTIONS & OUTSOURCING, INC. | |
|   Serve:  Jason Miller, Registered Agent<br>            12304 Baltimore Ave., Suite E<br>            Beltsville, MD 20705 | |
|     Defendants. | |

## COMPLAINT

COMES NOW Plaintiff, Jackson Vela ("Plaintiff"), by counsel, and files this Complaint against Defendants, Equifax Information Services, LLC ("Equifax"); Trans Union, LLC ("Trans Union"); Experian Information Solutions, Inc. ("Experian"); Experian RentBureau ("RentBureau"); and Fair Collections & Outsourcing, Inc. ("FCO") (collectively "Defendants"). Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2. The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies must follow when consumers dispute the accuracy of the information reported in their credit reports. 15 U.S.C. § 1681i

3. In this case, FCO, a debt collector, erroneously furnished inaccurate, derogatory information that was reported on Plaintiff's credit reports. After Plaintiff disputed the inaccurate information with Equifax, Experian, Trans Union, and RentBureau, Defendants failed to correct Plaintiff's credit reports.

4. Accordingly, Plaintiff alleges claims against Equifax, Experian, Trans Union, and RentBureau for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit

reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

5. Plaintiff also alleges claims against FCO for failing to fully and properly investigate Plaintiff's disputes and to review all relevant information provided by the consumer reporting agencies in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1) and by making a false representation in connection with the collection of a debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 168lp, and 15 U.S.C. § 1692k(d).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in this District and Division and a consumer as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

9. Equifax is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10. Trans Union is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Experian is a foreign corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

12. RentBureau is a foreign company and a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. FCO is a foreign corporation. It is a furnisher as governed by the FCRA and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTS**

14. Several years ago, Plaintiff rented an apartment at Sacramento Square Apartments in Alexandria, Virginia. He had a one-year lease and lived at the apartment with a co-tenant.

15. At the end of his lease term, Plaintiff and his co-tenant entered into an agreement to rent the apartment for one additional month.

16. At the end of that month, Plaintiff moved out of the apartment. At the time that Plaintiff moved, his account was current and he did not owe any Sacramento Square any money.

17. However, his co-tenant signed a new one-year lease with Sacramento Square and continued living in the same unit. Plaintiff was not a party to the new lease agreement.

18. Sometime after the Plaintiff moved out, his co-tenant fell behind on his lease payments.

19. In November 2015, Sacramento Square brought an unlawful detainer action in Fairfax County General District Court against both the Plaintiff and his co-tenant seeking payment for the unpaid rent, as well as for possession of the property.

20. On January 8, 2016, Fairfax County General District Court entered default judgment against the Plaintiff and his co-tenant.

21. On April 7, 2016, upon a motion made by the Plaintiff, Fairfax County General District Court entered an order vacating the judgment against him and nonsuiting the claims against him in the unlawful detainer action. The Court ordered that judgment as to the co-tenant would remain undisturbed.

22. At some point, Sacramento Square referred or sold the unpaid rent amount to Defendant FCO for collection.

23. In an attempt to collect this debt, Defendant FCO reported to the credit reporting agencies that Plaintiff was liable for the outstanding amount, even though he wasn't.

24. In turn, the credit reporting agencies, including Equifax, Experian, Trans Union, and RentBureau, all added the information to Plaintiff's consumer file, and reported the information to one or more third parties.

25. Plaintiff learned about the inaccurate reporting in late 2016 when he was applying for a new apartment.

26. After the Plaintiff was denied for at least one apartment because of the incorrect FCO account, he obtained copies of his credit reports, which showed the inaccurate FCO collection account with an outstanding balance of $5,885.

27. This information was incorrect because Plaintiff did not owe any of the money. He had timely terminated his lease with Sacramento Square and his account was current when he moved out of the Sacramento Square apartment complex.

28. On or around December 19, 2016, Plaintiff sent written disputes letters to Equifax, Experian, and Trans Union explaining that he did not owe the debt and that he had moved out of the apartment prior the outstanding charges being incurred by his prior co-tenant.

29. FCO failed to conduct a reasonable investigation of the Plaintiff's dispute and continued to report that he was liable for the Sacramento Square collections account.

30. In response to Plaintiff's disputes, Equifax, Experian, and Trans Union failed to conduct a proper investigation and continued to report the inaccurate FCO account.

31. On or around February 24, 2017 Plaintiff issued follow-up dispute letters to Equifax, Trans Union, and Experian indicating that FCO was still inaccurately reporting that he owed them over $5,000 and that this inaccurate information had not been removed him his consumer reports.

32. Equifax, Experian, and Trans Union again failed to conduct a proper investigation.

33. Equifax and Experian verified that the FCO account did belong to the Plaintiff and that the outstanding balance on the account was correctly attributed to him.

34. Trans Union refused to process Plaintiff's dispute because it claimed that Plaintiff did not provide sufficient proof of his current mailing address.

35. On or around February 24, 2017 Plaintiff again requested a copy of his consumer file from RentBureau.

36. RentBureau responded to Plaintiff's request and provided him with a copy of his consumer file.

37. This file disclosure included the inaccurately attributed FCO collection account and stated that Plaintiff had an outstanding balance of $5,885.

38. On or around May 8, 2017, Plaintiff sent dispute letters to Experian, Equifax, Trans Union, and RentBureau again disputing the inaccurate FCO account.

39. Each consumer reporting agency failed to conduct a proper investigation of Plaintiff's dispute.

6

40. On or around August 8, 2017, Plaintiff sent another set of dispute letters to Equifax, Experian, and RentBureau.

41. Equifax, Experian, and RentBureau again failed to conduct a proper investigation of Plaintiff's dispute.

42. As a result of the Defendants' conduct, Plaintiff suffered actual damages including, without limitation, denial of housing opportunities, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

### *Defendants' FCRA Violations Were Willful*

43. As a standard practice, Equifax, Experian, Trans Union, and RentBureau do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

44. Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, Trans Union, and RentBureau automatically generated their "investigation" results once FCO provided its response to Plaintiff's disputes, verifying the status

of the account, and they did not take any additional actions to verify the accuracy of the information that FCO provided.

45.     Instead, Defendants blindly accepted FCO's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

46.     Equifax, Experian, Trans Union, and RentBureau continue the practice of parroting the response from the furnisher despite numerous lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation as required by the FCRA.

47.     Defendants do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

48.     Therefore, at all times relevant to this Complaint, Experian's, Trans Union's, Equifax's, and RentBureau's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, their conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors prior to furnishing reports.

49.     In addition, at all times pertinent to this Complaint, FCO's processing of consumer reports was willful and carried out in reckless disregard for a consumer rights as set forth under the FCRA. By example only and without limitation, FCO's conduct was willful because it was intentionally accomplished through intended procedures and as FCO's efficiency in processing disputes is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

**COUNT ONE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)**
**(DEFENDANTS EQUIFAX, EXPERIAN, TRANS UNION, RENTBUREAU)**

50.     Plaintiff incorporates by reference each of the allegations set forth in the preceding

paragraphs.

51. Equifax, Experian, Trans Union, and RentBureau violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

52. Because of Equifax, Experian, Trans Union, and RentBureau's conduct, Plaintiff suffered actual damages, including without limitation: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

53. Equifax, Experian, Trans Union, and RentBureau's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i
### (DEFENDANTS EQUIFAX, EXPERIAN, TRANS UNION, RENTBUREAU)

54. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

55. Equifax, Experian, Trans Union, and RentBureau violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide FCO with all the relevant information regarding Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

56. Because of Equifax, Experian, Trans Union, and RentBureau's violations of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

57. Equifax, Experian, Trans Union, and RentBureau's violations of § 1681i were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

### COUNT THREE:
### VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(A)
### (DEFENDANT FCO)

58. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

59. On one or more occasion within the past two years, by example only and without limitation, FCO violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

60. When Plaintiff disputed his account with the credit bureaus, FCO used a dispute system named, "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher-customers such as FCO. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systemic and uniform.

61. When the credit bureaus receive consumer disputes, they (usually via an outsourced vendor) translate each dispute into an automated consumer dispute verification ("ACDV") form.

62. Upon information and belief, the ACDV form is the method by which FCO has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

63. Upon information and belief, Plaintiff alleges that the credit bureaus forwarded Plaintiff's dispute via an ACDV to FCO.

64. FCO understood the nature of Plaintiff's disputes when it received the ACDV form.

65. Upon information and belief, when FCO received the ACDV form containing Plaintiff's disputes, FCO followed a standard and systemically unlawful process where it only reviews its own internal computer screen for the account and repeats back the same information to the ACDV system that was previously reported to the credit reporting agency.

66. Upon information and belief, when FCO receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether the information already in its computer system is itself accurate.

67. Because of FCO's violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

68. FCO's conduct in violating § 1681s-2(b)(1)(A) was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, FCO was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from FCO in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT FOUR:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(B)**
**(DEFENDANT FCO)**

70. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

71. On one or more occasions within the past two years, by example only and without limitation, FCO violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit bureaus.

72. As Plaintiff detailed in the previous Count, FCO has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

73. FCO was aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

74. FCO does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

75. FCO understood Plaintiff's disputes and that Plaintiff claimed the information was inaccurate.

76. Because of FCO's violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

77. FCO's violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, FCO was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

78. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from FCO in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT FIVE: VIOLATION OF FDCPA, 15 U.S.C. § 1692e (DEFENDANT FCO)

79. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

80. Defendant FCO violated § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt including, but

not limited to, its reporting to Experian, Equifax, Trans Union, and RentBureau that the Plaintiff was liable for the Sacrament Square collection account.

81. Plaintiff suffered actual damages as a result of FCO's violation of § 1692e, including loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

82. Plaintiff is entitled to recover actual damages, statutory damages, his reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants as pleaded above; his attorney's fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
**JACKSON VELA**

By: */s/ Kristi C. Kelly*
Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, Esq., VSB #84261
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
Email: casey@kellyandcrandall.com

*Counsel for Plaintiff*